# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SHYNEIKA D. TAYLOR, and JACQUETTE N. MURREY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N22C-03-068 CLS |
| RONALD KILLEN, TALLEY BROTHERS, INC., MAZDA MOTOR CORPORATION and MAZDA MOTOR OF AMERICA, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Date Submitted: September 4, 2024
Date Decided: November 4, 2024

*Upon Defendant Mazda Motor Corporation's Motion to Dismiss,* **DENIED** *without prejudice. Plaintiff Shyneika Taylor's Motion in the Alternative for Limited Jurisdictional Discovery* **GRANTED.**

## **ORDER**

Joseph J. Bellew, Esquire and Joseph E. Brenner, Esquire, Gordon Rees Scully Mansukhani LLP, Wilmington, Delaware, 19801, Attorney for Defendant Mazda Motor Corporation and Mazda Motor of America, Inc.

Joel H. Fredricks, Esquire, Nitsche and Fredricks, LLC, Wilmington, Delaware 19899, Attorney for Plaintiff Shyneika D. Taylor.

Aman K. Sharma, Esquire, the Sharma Law Firm, LLC, Wilmington, Delaware 19801, Attorney for Plaintiff Jaquette Murrey.

**SCOTT, J.**

1

## INTRODUCTION

This products liability matter arises from a December 29, 2021, car accident in New Castle County, Delaware. Plaintiff Shyneika Taylor ("Plaintiff Taylor") was driving a 2013 Mazda CX-5 automobile. Plaintiff Taylor alleges Defendant Ronald Killen's ("Defendant Killen,") vehicle struck her and propelled her vehicle into Co-Plaintiff Jaquette Murrey's ("Plaintiff Murray") vehicle and resulted in various injuries. Plaintiff Taylor asserts claims against Ronald Killen, Talley Brothers, Inc., Mazda Motor Corporation, and Mazda Motor of America, Inc., for alleged injuries sustained from the accident. Plaintiff Taylor, specifically, asserts claims against Defendants Mazda Motor Corporation and Mazda Motor of America, Inc., for the negligent design, construction, testing, sale, advertisement, marketing and distribution of seats that allegedly resulted in various injuries she sustained. Defendant Mazda Motor Corporation ("Mazda Motor Corporation,") has now moved to dismiss for lack of personal jurisdiction. Plaintiff Taylor filed a response to Mazda Motor Corporation's Motion to Dismiss. Plaintiff Murrey does not take a position regarding Mazda Motor Corporation's Motion to Dismiss. Plaintiff Taylor, subsequently, filed a Motion in The Alternative for Limited Jurisdictional Discovery if the current factual record is insufficient to deny Mazda Motor Corporation's Motion to Dismiss. Defendant Mazda Motor Corporation filed an opposition to Plaintiff Taylor's Motion in The Alternative for Limited Jurisdictional Discovery.

2

Upon, review of Mazda Motor Corporation Motion to Dismiss, Mazda Motor of America, Inc., Support of Motion to Dismiss, Plaintiff Taylor's response, Plaintiff Taylor's Motion in the Alternative for Limited Jurisdictional Discovery and Mazda Motor Corporation's response the Court **DENIES** Defendant Mazda Motor Corporation's Motion to Dismiss without prejudice. Accordingly, the Court **GRANTS** Plaintiff Taylor's Motion for Limited Jurisdictional Discovery and will allow Mazda Motor Corporation to move for Summary Judgement at the conclusion of jurisdictional discovery if it chooses.

## FACTUAL BACKGROUND

On December 29, 2021, a car accident occurred in New Castle County, Delaware. Plaintiff Taylor was driving a 2013 Mazda CX-5 automobile. Plaintiff Taylor alleges Defendant Killen's vehicle struck her stopped vehicle while she was waiting to make a left turn. Plaintiff Taylor alleges the impact of Defendant Killen's vehicle propelled Plaintiff Taylor's vehicle into Plaintiff Murray's vehicle which was allegedly stopped at the light on the opposite side of the road. Plaintiff Taylor alleges Defendant Killen was acting as an employee of Defendant Talley Brothers, Inc., at the time of the accident. Plaintiff Taylor alleges substantial injuries resulted from this accident. Plaintiff Taylor alleges her Mazda CX-5 was designed and manufactured by Mazda Motor Corporation and Mazda Motor of America, Inc. Plaintiff Taylor asserts that Mazda Motor Corporation and Mazda Motor of America,

3

Inc., designed, built, tested, manufactured, sold, advertised, marketed, and distributed the Mazda CX-5 vehicle equipped with a seat, headrest, and restraint system that was allegedly defective, improperly designed, and not crashworthy. Plaintiff Taylor alleges Mazda Motor Corporation and Mazda Motor of America, Inc., negligently designed, constructed, tested, sold, advertised, marketed, and distributed the seats that allegedly resulted in Plaintiff Taylors suffering from exacerbated injuries.

Mazda Motor Corporation is a Japanese corporation that designs, creates, controls, advertises, and employs a distribution system for the sale of motor vehicles in Delaware and throughout the United States. Mazda Motor Corporation of America, Inc., is a foreign corporation with a principal place of business in California. Plaintiff Taylor alleges Mazda Motor of America, Inc., is a subsidiary of Mazda Motor Corporation.

## STANDARD OF REVIEW

On a motion to dismiss for lack of *in personam* jurisdiction, the plaintiff bears the burden to make a *prima facie* showing that the defendant is amenable to the jurisdiction of a Delaware court, pursuant to Delaware's long-arm statute.[1] The Court must accept the plaintiff's allegations as true and draw all reasonable inferences in

---

[1] *Boone v. Oy Partek Ab,* 724 A.2d 1150, 1154 (Del.Super.1997).

favor of the plaintiff.[2] Additionally, the Court is not limited to the pleadings and may consider affidavits, briefs, and the results of discovery.[3] The Court's first inquiry is whether the long-arm statute confers jurisdiction.[4] Then, if the statute applies, the Court determines whether the exercise of jurisdiction is in accord with due process.[5] Due process requires the Court to determine whether defendant has minimum contacts with the forum state, and whether asserting personal jurisdiction comports with "traditional notions of fair play and substantial justice."[6]

If no evidentiary hearing has been held, Plaintiffs need only make a *prima facie* showing, in the allegations of the complaint, of personal jurisdiction and the record is construed in the light most favorable to the Plaintiff.[7]

## DISCUSSION

Delaware's long-arm statute lists six circumstances under which any nonresident or personal representative thereof, who in person or through an agent, is

---

[2] *Id.* at 1155; *Aeroglobal Capital Management, LLC v. Cirrus Indus., Inc.,* 2003 WL 77007, *3 (Del. Super. Ct.).

[3] *Hartsel v. Vanguard Group, Inc.,* 2011 WL 2421003, *7 (Del. Ch.) *aff'd,* 38 A.3d 1254 (Del.2012) *cert. denied,* 133 S.Ct. 32 (2012).

[4] *Trinity Logistics, Inc. v. Aurilius LLC*, 2013 WL 1092133, at *2 (Del. Super. Ct.).

[5] *Id.*

[6] *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Boone,* 724 at 1158.

[7] *Ryan v. Gifford,* 935 A.2d 258, 265 (Del.Ch.2007).

considered amenable to the jurisdiction of Delaware courts.[8] The statute is "broadly construed to confer jurisdiction to the maximum extent possible under the due process clause."[9] Plaintiff Taylor argues that its claim against Mazda Motor Corporation, a nonresident, is based on Mazda Motor Corporation's various acts of designing, creating, controlling, advertising, and employing a distribution system for the sale of motor vehicles in Delaware and throughout the United States.

The Court finds that § 3104(c)(1) is most applicable to Plaintiff Taylor's claims. Section 3104(c)(1) permits jurisdiction where a nonresident "[t]ransacts any business or performs any character of work or service in the State".[10] An act on the part of the defendant must have occurred in Delaware and the plaintiff's claims must have arisen from that act.[11] The statute is construed as a "single act" statute in which only a single transaction or act is sufficient for jurisdiction over a claim arising out of the conduct of "transacting business."[12] Where "a claim arises out of the transaction of business or the non-performance of a contract, then this Court need

---

[8] 10 *Del. C.* §§ 3104(b) and 3014(c).
[9] *Aeroglobal Capital Management, LLC v. Cirrus Indus., Inc.,* 2003 WL 77007, *4 (Del. Super. Ct.).
[10] 10 *Del. C.* § 3104(c)(2).
[11] *Boone,* 724 A.2d at 1156.
[12] *Int'l Playtex, Inc. v. B & E Machinery Co.,* 1987 WL 17178, *2 (Del.Super.Ct.).

seek no other indicia of the defendant's activity in this state, but that contract or transaction."[13]

Plaintiff Taylor has not made a *prima facie* showing that this Court has personal jurisdiction over Mazda Motor Corporation. Plaintiff Taylor argues that, by designing, creating, controlling, advertising, and employing a distribution system for the sale of motor vehicles in Delaware and throughout the United States, Mazda Motor Corporation is subject to jurisdiction of this Court. The Court, however, finds Plaintiff Taylor's Second Amended Complaint failed to meet the burden established in § 3104(c)(1) that Mazda Motor Corporation "transacted any business or [performed]…work or service in the State [ of Delaware]."[14]

Alternatively, Plaintiff Taylor requests, this Court exercise its discretion to reserve decision in order to grant Plaintiff Taylors's reasonable opportunity to take limited jurisdictional discovery as to Mazda Motor Corporation and Mazda Motor of America, Inc.'s additional contacts with Delaware. Specifically, Plaintiff Taylor requests: The topics of the discovery would likely include, without limitation:

> The financial and corporate control that MMC exerts over MMOA; the income obtained by MMC from the activities of MMOA; the control that MMC exerts over MMOA's daily business activities; the control MMC and MMOA exert over authorized dealerships in

---

[13] *Id.* (citing *LaNuova D & B, S.p.A. v. Bowe Co., Inc.,* 513 A.2d 764, 768 (Del.1986)).
[14] 10 *Del. C.* § 3104(c)(2).

Delaware; the revenue derived by MMC from the sales of their vehicles in Delaware; the indemnity agreements between MMC, MMOA, and authorized dealerships in Delaware; the exclusive distribution rights granted to MMOA by MMC; the extent of MMC's involvement in and direction over MMOA's marketing and distribution decisions; warranty coverage provided to customers who purchase MMC vehicles from dealerships in Delaware; the financial options provided to customers who purchase vehicles from dealerships in Delaware; and the recall of MMC products in Delaware.

It is true the Court may reserve decision in order to grant Plaintiff Taylor reasonable opportunity to conduct jurisdictional discovery.[15] Although the Court has discretion to do so, the Court will not ordinarily preclude a plaintiff from conducting reasonable discovery to aid a plaintiff in proffering a *prima facie* factual showing of discovery.[16] Accordingly, the Court will allow Plaintiff Taylor to conduct limited discovery for the sole purpose of determining Mazda Motor Corporation and Mazda Motor of America, Inc.'s contacts with Delaware. Following the completion of discovery, Mazda Motor Corporation and Mazda Motor of America, Inc., may move for summary judgment if it so chooses.

**Conclusion**

---

[15] *Trinity Logistics, Inc. v. Aurilius LLC*, No. 2013 WL 1092133, at *3 (Del. Super. Ct.) citing *Hartsel v. Vanguard Group, Inc*., 2011 WL 2421003, at *15 (Del. Ch.2011); *Klita v. Cyclo3pss Corp*., 1998 WL 749637, *4 (Del.Super.Ct.) (citing *Hart Holding Co., Inc. v. Drexel Burnham Lambert Inc*., 593 A.2d 535, 539 (Del. Ch.1991).

[16] *Hart Holding Co.,* 593 A.2d at 539.

Based on the foregoing, Defendant Mazda Motor Corporation's Motion to Dismiss for Lack of Jurisdiction is **DENIED WITHOUT PREJUDICE.** Plaintiff Shyneika Taylor's Motion in the Alternative of Limited Jurisdictional Discovery is **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**

9